John THOMAS, Jr., Plaintiff,

v.

Officers TALESKY and Bradley, etc., et al., Defendants.

No. 82 C 0924.

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1983.

John S. Bishof, Jr., Chicago, Ill., for plaintiff.

Richard M. Daley, Cook County State's Atty., Robert J. Tonos, Asst. State's Atty., Chicago, Ill., for defendant Cook County.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

John Thomas, Jr. ("Thomas") has added County of Cook ("County") as a defendant in Thomas' Amended Complaint (the "Complaint") brought under 42 U.S.C. § 1983 ("Section 1983"). County has moved to be dismissed under Fed.R.Civ.P. ("Rule") 12(b)(6). For the reasons stated in this memorandum opinion and order, County's motion is granted.

Thomas' claims stem from an allegedly unlawful arrest by two deputy sheriffs. All Thomas asserts against County is that:

1. During the course of their activity the deputies "were acting under codes, statutes, ordinances, regulations, customs and usages ... of the County of Cook, and under color of law of the ... County of Cook...." (Count I ¶ 5 and Count III ¶ 7).

2. Sheriff Richard J. Elrod was acting in the same manner (Count II ¶ 5 and Count III ¶ 7).

3. County "was a political and corporate subdivision of the State of Illinois and, as such, was responsible for the policies, practices and customs of all its departments, including its Sheriff's Department" (Count III ¶ 6).

4. County as well as Sheriff Elrod "instituted, established and countenanced policies, practices and customs which their employees [here the deputy sheriffs] are expected to follow in performing their duties" (Count III ¶ 12).

In response County points to:

1. Ill.Const. Art. 7, §§ 4(c) and 4(d), under which County says the "Sheriff of Cook County is chosen by the electorate and not appointed, employed, or supervised by the County of Cook" and "is accountable only to the electorate, and not to the County of Cook"; and

2. Ill.Rev.Stat. ch. 125, §§ 7 and 8, under which County says Sheriff Elrod "and his deputies and employees cannot be considered agents of defendant County of Cook," which "has no power to set standards and qualifications for deputies of the Cook County Sheriff" and "cannot appoint Sheriff's deputies [for] only the Sheriff himself can do so."

Thomas in turn retorts by citing a recent split decision in *Holda v. County of Kane,* 88 Ill.App.3d 522, 43 Ill.Dec. 552, 410 N.E.2d 552 (2d Dist.1980), where an Illinois county was held liable for injuries caused by its Sheriff's negligence.

But *Holda* itself defeats Thomas' claim against County. Its state law holding was squarely grounded on "the vicarious liability theory [or] doctrine of *respondeat superior,*" 88 Ill.App.3d at 532, 43 Ill.Dec. at 560, 410 N.E.2d at 560. Section 1983 liability however *cannot* be predicated on such respondeat superior notions under the mandate of *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). On the contrary *Monell* requires the municipal corporate entity to bear *direct* responsibility for plaintiff's injuries before it can be held liable. Its own actions must have caused the harm to plaintiff, 436 U.S. at 690, 694, 98 S.Ct. at 2035, 2037.

In that respect *Holda* actually confirms County's argument, 88 Ill.App.3d at 531–32, 43 Ill.Dec. at 559–60, 410 N.E.2d at 559–60:

It is true, as defendant argues, that the county board has no power to supervise, direct or control the actions of the Sheriff in the operation of the jail. (See *Dahnke v. People* (1897), 168 Ill. 102, 48 N.E. 137; *People ex rel. Walsh v. Board of Commis-*

*sioners [of Cook County]* (1947), 397 Ill. 293, 74 N.E.2d 503.)

In the same way County has "no power to supervise, direct or control the actions of the Sheriff" through his deputies. Thomas' allegations to the contrary cannot stand in the face of Illinois law (which of course governs in *that* respect), and he has not established the possibility of any Section 1983 right of action against County.

County is therefore dismissed as a party defendant under Rule 12(b)(6). Because no basis appears for restating a cause of action against County, that dismissal is with prejudice.