RICHARD MOY, as Special Adm'r of the Estate of Choy Moy, Deceased, Plaintiff-Appellant, v. THE COUNTY OF COOK, Defendant-Appellee.

First District (1st Division) No. 1—91—3372

Opinion filed March 29, 1993.

Levin & Perconti, of Chicago (David B. Wilson, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Karen A. Covy, James M. Varga, and Georgia A. Buglass, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:
Plaintiff Richard Moy, as special administrator of the estate of Choy Moy, appeals from the circuit court's dismissal of his complaint. We affirm.

This case arises from the death of Choy Moy on July 10, 1989, while he was an inmate at the Cook County jail. Plaintiff, filed a

three-count complaint against defendant, the County of Cook (the County) "through its Sheriff, its Department of Corrections, its directors and its employees." The complaint contained a factual core which was incorporated into all three counts. Moy was jailed at the Cook County jail on March 9, 1989. Upon his admission, a physical examination conducted at the Cermak Medical Center revealed that Moy needed an "abdominal evaluation" for a "distended bowel." Moy, however, never received a "proper" abdominal evaluation, and in response to his complaints, the County gave him "over the counter" laxatives weekly. On July 9, 1989, at 7:50 a.m., "the defendant Cook County's jail staff was made aware" that Moy was ill and was unable to control his bowel movements. Between noon and 1 p.m. paramedics were at the jail in the "day room" conducting their daily "rounds" to examine and treat inmates "needing treatment." While there, the paramedics were told by Moy's brother and cellmate, James, that Moy needed medication for high fever and diarrhea. Another inmate also informed the paramedics that Moy was too ill to come to the "day room." Paramedic Dixon then responded that "if he [Moy] couldn't come to the day room he [Dixon] couldn't help him." Moy died early the next morning.

In count I, plaintiff alleged that the County owed Moy a duty while he was incarcerated of providing Moy with medical care and of refraining from willful and wanton misconduct. Plaintiff charged that the County had breached this duty in numerous ways, including the failure to train and supervise the jail staff, which resulted in Moy's wrongful death. Count II stated that prior to his death, Moy endured pain and suffering stemming from the County's breach of duty. Count III alleged various civil rights violations under 42 U.S.C. §1983 (1988) (section 1983) in that the County had deprived Moy of his life in violation of the fourth, fifth, eighth, and fourteenth amendments of the United States Constitution.

The County filed a motion to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) in which it argued that the County's duty with respect to the County jail was prescribed by statute and that plaintiff's complaint did not allege any breach of that statutory duty. The County urged that, under the relevant statutes, the Cook County sheriff possessed the duty plaintiff had alleged in its complaint. The sheriff, it argued, was the proper party defendant under the circumstances alleged in the complaint.

Following arguments, the circuit court granted the County's motion and dismissed the action. Plaintiff's motion for reconsideration was denied, and this timely appeal followed.

Plaintiff contends that the County is responsible for the action of the sheriff pursuant to the principle of vicarious liability because it is financially responsible for the jail and because the Sheriff's actions are performed on behalf of the entire County.

The only case to address this issue directly is *Holda v. County of Kane* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 552. There, a divided appellate court held that the sheriff is a county officer whose common law and statutorily imposed duties are intended to benefit the County as a whole; thus, the County must be held liable on a *respondeat superior* theory for the negligence of the sheriff in the execution of his duties. (*Holda*, 88 Ill. App. 3d at 531.) Although the court recognized that the county board has no power to supervise, direct, or control the actions of the sheriff in the operation of the jail, the court did not believe that fact alone could preclude the application of the *respondeat superior* theory:

"The 'control' test is merely one of a number of justifications offered for the vicarious liability theory doctrine of *respondeat superior*. (Prosser, Torts §69, at 459 (4th ed. 1971).) While the degree to which the employee is subject to the control of the employer remains an important consideration in determining whether the employer will be held liable for the employee's negligence on a vicarious liability theory, the absence of direct control does not, *ipso facto*, negate liability. This is particularly true with respect to a county officer, such as the sheriff, whose actions and duties involve a great deal of discretion, but yet are performed entirely on behalf of the county itself.

\*\*\* The sheriff is clearly a county officer whose actions are performed on behalf of the county. Like a corporation, a county can act only through its officers, servants, and agents (see *Village of Wilsonville v. Earthline Corp.* (1978), 65 Ill. App. 3d 392, 394, 383 N.E.2d 689, 691); like a corporation, therefore, a county should be held liable for the negligence of its officers, servants, and agents occurring in the course of county business." *Holda*, 88 Ill. App. 3d at 532.

Justice Woodward, in his dissent, however, criticized the majority's rationale by noting that the relationship between the county sheriff and the county board differs from that between a corporation's board of directors and the corporation's officers, agents, and employees. In the latter situation, a corporate board has the power to hire

and fire if the directions of the board are not followed. The same cannot be said of the county board because the county board does not select and cannot discharge the sheriff. *Holda*, 88 Ill. App. 3d at 540-41 (Woodward, J., dissenting).

We agree with the rationale set forth in the dissent and decline to follow *Holda*.

In Illinois, the test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal. (*Rollins v. Ellwood* (1990), 141 Ill. 2d 244, 565 N.E.2d 1302; *Anderson v. Boy Scouts of America, Inc.* (1992), 226 Ill. App. 3d 440, 589 N.E.2d 892, *appeal denied* (1992), 145 Ill. 2d 631, 596 N.E.2d 625.) The appellate court in *Holda* likened the county board to a corporation's board of directors in order to meet this test of agency. However, our supreme court has recognized that

> "*[q]uasi* municipal corporations, such as counties and townships, are at most but local organizations, *** and they are invested with but few characteristics of corporate existence." (*County of Cook v. City of Chicago* (1924), 311 Ill. 234, 239, 142 N.E. 512.)

Moreover, counties, townships, school districts, cities, villages, and other municipal and quasi-municipal corporations are created under the authority of the legislature, to better accomplish the purposes of local government. (1 E. McQuillin, Municipal Corporations §2.13 (3d ed. 1987).) These municipal and quasi-municipal corporations derive their existence and all their powers from the legislature which created them. (*Scates v. King* (1883), 110 Ill. 456.) Therefore, a county board can exercise only such powers as are given by law or such as arise by necessary implication or are indispensable to carry into effect the object and purpose of their creation. (*County of Cook v. Gilbert* (1893), 146 Ill. 268, 33 N.E. 761.) In light of these principles, we must look to the specific statutory provisions regarding the office of sheriff and the county board in order to determine whether an agency relationship exists between them in the manner alleged in plaintiff's complaint.

The sheriff is an office created by section 4(c) of article VII of the Illinois Constitution. As a result, the sheriff answers only to the electorate, not to the county board (Ill. Const. 1970, art. VII, §4(c)), and the powers and duties of the office are established by the legislature. The legislature has provided that the Cook County jail and the Cook County Department of Corrections are solely under the supervision and control of the Cook County sheriff, acting as warden of the

jail. (See Ill. Rev. Stat. 1989, ch. 75, pars. 102, 103; see also Ill. Rev. Stat. 1989, ch. 34, par. 3—6017.) The legislature also has charged the sheriff with the responsibility for the "conduct" and "the hiring and training of all personnel necessary to operate and maintain the jail." (Ill. Rev. Stat. 1989, ch. 75, par. 103.) The sheriff is further mandated by the legislature to "furnish necessary bedding, clothing, fuel and *medical aid* for all prisoners under his charge." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 75, par. 117.) The sheriff's sole responsibility in this area is underscored by the fact that the legislature has decreed that "[n]o county board may alter the duties, powers and functions of county officers that are specifically imposed by law." (Ill. Rev. Stat. 1989, ch. 34, par. 5—1087.) Although each county board is charged with the cost and expense of "keeping, maintaining and furnishing" its county jail (see Ill. Rev. Stat. 1989, ch. 75, par. 120), our courts have held that such "general" control "gave way" to the "specific" statutory provisions which provide that the sheriff shall have the custody and care of the jail in his county. *People ex rel. Walsh v. Board of Commissioners* (1947), 397 Ill. 293, 298, 74 N.E.2d 503 (only the sheriff may hire the persons necessary for the care and maintenance of the county jail); see also *Dahnke v. People* (1897), 168 Ill. 102, 48 N.E. 137 (conflict between authority of county board and sheriff resolved in favor of the sheriff's independence).

■ The foregoing legislative provisions, as construed by our courts, indicate that the county board has no authority or control over the operation, staffing, and administration of the county jail—the duties allegedly violated by the County in plaintiff's complaint. Indeed, the statutes manifest the sheriff's independence, as an elected officer whose authority derives solely from statute and common law, from the control of the county board. Accordingly, we hold that an agency relationship does not exist between the County and the sheriff. Consequently, the principle of *respondeat superior* cannot provide a basis for the County's liability as set forth in the complaint in this case.

■ We further hold that the circuit court correctly dismissed the section 1983 count, even if this court were to hold the County liable under a theory of *respondeat superior*. That must be so because section 1983 liability cannot be predicated upon the doctrine of *respondeat superior*. *Thompson v. Duke* (7th Cir. 1989), 882 F.2d 1180, *cert. denied* (1990), 495 U.S. 929, 109 L. Ed. 2d 496, 110 S. Ct. 2167, citing *Monell v. Department of Social Services* (1978), 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018; see also *Baltz v. County of Will* (N.D. Ill. 1985), 609 F. Supp. 992, 995; *Thomas v. Talesky* (N.D. Ill. 1983), 554 F. Supp. 1377, 1378-79.

A motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) attacks the sufficiency of a complaint and should be decided solely upon the allegations set forth in the complaint. (*Perkins v. Collette* (1989), 179 Ill. App. 3d 852, 534 N.E.2d 1312.) The motion should be granted only if it is clear that plaintiff cannot prove any set of facts under the pleadings which would entitle him to the relief requested. (*Perkins*, 179 Ill. App. 3d at 856.) Plaintiff's complaint does not allege any such facts; accordingly, the circuit court correctly granted the motion to dismiss.

The order of the circuit court is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.