RON MAURO, Plaintiff-Appellant, v. THE COUNTY OF WINNEBAGO *et al.*, Defendants-Appellees.

Second District   No. 2—95—1330

Opinion filed July 24, 1996.

Charles P. Carroll, of Morrison, Carroll & McGrath, P.C., of Northbrook, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William Don Emmert, Assistant State's Attorney, of counsel), for appellees.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiff, Ron Mauro, appeals the circuit court's order dismissing his amended complaint against defendant Winnebago County sheriff for failing to comply with the applicable statute of limitations. Plaintiff contends the court erred in ruling that the amended pleading did not relate back to the date of filing of the original complaint (see 735 ILCS 5/2—616(d) (West 1994)). Specifically, plaintiff contends that the court erroneously held that two of the conditions of section 2—616(d) were not met: (1) that the sheriff's agent was actually served during the limitations period, albeit in a mistaken capacity; and (2) that the sheriff had notice of the proceeding during the limitations period.

On September 26, 1994, plaintiff filed a complaint against defendant County of Winnebago. Plaintiff alleged that he had been injured on October 3, 1993, while a prisoner at the Winnebago County jail.

The county moved to dismiss the complaint, contending that it

was not the proper party defendant. The county argued that by law the county sheriff was responsible for the operation of the jail and, citing the appellate court's opinion in *Moy v. County of Cook*, 244 Ill. App. 3d 1034 (1993), contended that the county could not be vicariously liable for the sheriff's alleged negligence in operating the jail.

Plaintiff did not file a response to the county's motion to dismiss, but instead moved for leave to amend his complaint. The court granted both motions and, on November 3, 1994, plaintiff filed his amended complaint naming only the Winnebago County sheriff as defendant. The complaint's substantive allegations are the same as those of the original pleading. The sheriff was served on December 9, 1994.

Represented by the same assistant State's Attorney who had appeared on behalf of the county, the sheriff moved to dismiss the amended complaint as barred by the one-year statute of limitations. See 745 ILCS 10/8—101 (West 1994). In response, plaintiff argued that the amended complaint related back to the filing of the original complaint, which was within the one-year limitations period. The sheriff replied that some of the conditions of section 2—616(d) had not been met. Specifically, the sheriff maintained that he had neither been served nor received actual notice of the suit within the limitations period. The court agreed and dismissed the amended complaint. Plaintiff perfected this appeal.

■ Section 2—616(d) provides that an amended complaint naming a new or additional defendant will relate back to the filing of the original complaint if certain conditions are met. Those conditions include (1) the original complaint was filed within the limitations period; (2) the failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his agent, or partner, even though he or she was served in the wrong capacity or as the agent of another; (4) the newly named defendant, within the limitations period, knew the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original complaint. 735 ILCS 5/2—616(d) (West 1994); *Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 613 (1993).

■ Plaintiff first contends that, contrary to the trial court's finding, he satisfied the third condition of section 2—616(d). Plaintiff relies on section 2—211 of the Code of Civil Procedure, which provides in relevant part:

"In actions against public, municipal, governmental and quasi-municipal corporations, summons may be served by leaving a

copy with the chairperson of the county board or county clerk in the case of a county ***." 735 ILCS 5/2—211 (West 1994).

Plaintiff points out that the original summons and complaint were served on the Winnebago County clerk. Plaintiff contends that, pursuant to section 2—211, the county clerk is the sheriff's agent for receiving process. The sheriff responds that he is not a "public, municipal, governmental or quasi-municipal corporation" and, thus, under the plain language of section 2—211, the county clerk is not his agent.

Plaintiff acknowledges that in *Moy v. County of Cook*, 159 Ill. 2d 519 (1994), the supreme court held that a sheriff is a county officer pursuant to article VII of the Illinois Constitution (Ill. Const. 1970, art. VII, § 4(c)). Plaintiff nonetheless contends that the sheriff is governed by the Counties Code (55 ILCS 5/1—1001 *et seq.* (West 1994)). Therefore, plaintiff argues, the county clerk should be considered the agent of the sheriff for receiving service of process.

Our first task is to construe section 2—211. In construing a legislative enactment, the primary rule of construction is to ascertain and give effect to the true intent of the legislature. *In re C.T.*, 281 Ill. App. 3d 189, 193-94 (1996). The best indicator of the legislature's intent is the language of the statute itself. *C.T.*, 281 Ill. App. 3d at 194. If the language of the statute is clear, a court should give it effect and not look to extrinsic aids for construction. *Bogseth v. Emanuel*, 166 Ill. 2d 507, 513 (1995).

■ Nothing in the plain language of section 2—211 provides that the county clerk is the agent of the sheriff for the purpose of receiving service of process. Section 2—211 applies only to "public, municipal, governmental and quasi-municipal corporations." 735 ILCS 5/2—211 (West 1994). In *Moy*, the supreme court held that the sheriff is a county officer, whose duties are controlled by the constitution and by statute. *Moy*, 159 Ill. 2d at 526-27. The sheriff is not subject to control by the county. *Moy*, 159 Ill. 2d at 526. It would be anomalous to hold that a constitutional officer who is not subject to control by the county authorities could nonetheless be notified of a suit by service on the county clerk. Nothing in the language of the statute dictates this result. If the sheriff and the county are considered distinct entities for purposes of tort liability, they must be considered separate for purposes of service of process as well. That the statutes defining the sheriff's duties and the organization of the office have been placed within the Counties Code does not alter this conclusion. Nothing in that statute provides that the sheriff is a municipal or governmental corporation, or that the county clerk is his agent.

Apparently anticipating this conclusion, plaintiff argues that

"exceptional circumstances" dictate that strict application of section 2—616(d)(3)'s service requirement is not warranted. Plaintiff argues that he sued the county on the basis of "known law" about the county's vicarious liability for the sheriff's acts and promptly took action against the sheriff after learning of the *Moy* decision. Moreover, plaintiff contends, in an action against either the county or the sheriff the elements of the litigation would be virtually identical, and if he succeeded in his action against the sheriff, the county would be required to indemnify the sheriff for up to $500,000. See 55 ILCS 5/5—1002 (West 1994).

Plaintiff's argument is unpersuasive. By "known law," plaintiff apparently refers to this court's decision in *Holda v. County of Kane*, 88 Ill. App. 3d 522 (1980), which the supreme court overruled in *Moy*. *Holda* held that the county could be liable on a *respondeat superior* theory for the sheriff's allegedly negligent operation of the county jail. Even under *Holda*, it was clear that the sheriff and the county were separate entities. If the county is vicariously liable, there must be another entity who is primarily liable.

Generally, section 2—616 operates to save a cause of action only when plaintiff is unaware, through inadvertence, of the existence of the proper defendant until after the statute of limitations runs. Where plaintiff is aware of the defendant's identity prior to the expiration of the statute of limitations, but does not move to amend the complaint until after the statute runs, the failure to timely name the proper defendant will not be deemed inadvertent. See *Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 614 (1993); *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 517-18 (1991).

We fail to see any exceptional circumstances which would serve to relax strict application of the mistaken service requirement. This case is subject to the general rule that where a plaintiff is aware of the existence of multiple potential defendants prior to the running of the statute of limitations, he may not rely on section 2—616 to add an additional defendant, even if the original defendant is ultimately found not to be liable for some reason. In this case, plaintiff knew or should have known that the sheriff and the county were separate entities for purposes of tort liability but chose, for whatever reason, to proceed only against the county. He cannot be relieved of the consequences of this strategic decision by an unnaturally broad reading of section 2—616(d)(3).

Because of our disposition of this issue, we need not consider plaintiff's additional contention that the sheriff had constructive knowledge of the lawsuit prior to the expiration of the statute of limitations. See 735 ILCS 5/2—616(d)(4) (West 1994). We also need not

consider defendants' argument that plaintiff's failure to serve the sheriff was not inadvertent. See 735 ILCS 5/2—616(d)(2) (West 1994).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BOWMAN and THOMAS, JJ., concur.