785 N.E.2d 562 (2003)
336 Ill. App.3d 867
271 Ill.Dec. 630
In re ROBERT K., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Robert K., Respondent-Appellant).
No. 2-02-0115.
Appellate Court of Illinois, Second District.
February 21, 2003.
*563 Mary E. Moran and Amy Rubin, both of Child & Family Law Center of North Shore, of Northbrook, for appellant.
Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Presiding Justice HUTCHINSON delivered the opinion of the court:
Respondent, Robert K., appeals the trial court's order requiring him to submit a blood sample for genetic marker (DNA) profiling analysis pursuant to section 5-4-3(a) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-4-3(a) (West 2000)). On appeal, respondent contends that (1) section 5-4-3(a) of the Code violates his right to be free from unreasonable searches and seizures under the federal and state constitutions (U.S. Const., amend. IV; Ill. Const.1970, art. I, § 6), and (2) section 5-4-3(a) of the Code is invalid because it is irreconcilably inconsistent with the purpose and policy of the Juvenile Court Act of 1987 (the Juvenile Court Act) (705 ILCS 405/1-1 et seq. (West 2000)). We affirm.
On March 24, 2000, respondent admitted to charges that he committed the offenses of aggravated criminal sexual assault (720 ILCS 5/12-14(b)(i) (West 2000)) and criminal sexual abuse (720 ILCS 5/12-15(b) (West 2000)). Respondent admitted that on June 26, 1999, he babysat for a nine-year-old boy and a five-year-old boy. While babysitting, respondent had both boys place their mouths on his penis. Respondent was 13 years of age at the time. The trial court adjudicated respondent a delinquent minor pursuant to the provisions of the Juvenile Court Act.
*564 Prior to sentencing, respondent underwent a social investigation conducted by the Lake County juvenile probation department. As part of this investigation, respondent was examined by child psychiatrist Dr. Louis Kraus. In his report, Dr. Kraus indicated that he did not believe that respondent was a sexual predator. Dr. Kraus opined that it was highly unlikely that respondent would commit further sexual offenses or participate in further delinquent behavior.
Following a hearing, the trial court placed respondent on probation for a period of five years. Additionally, pursuant to section 5-4-3(a) of the Code, the trial court ordered respondent to submit a blood sample for DNA profiling analysis and for registration of his DNA profile. Respondent objected to the taking of a blood sample, arguing that section 5-4-3(a) was invalid because it constituted an unreasonable search and seizure and contravened the purpose of the Juvenile Court Act. The trial court denied respondent's challenge to the statute, and respondent filed a timely notice of appeal.
Respondent's first contention on appeal is that section 5-4-3(a) of the Code violates his constitutional right to be free from unreasonable searches and seizures. Respondent argues that section 5-4-3(a) impermissibly allows the State to collect evidence of possible future crimes from an entire class of individuals without a warrant or probable cause.
We begin our analysis with a brief discussion of the statute. Section 5-4-3(a) provides, in relevant part, as follows:
"Any person convicted of, found guilty under the Juvenile Court Act of 1987 for, or who received a disposition of court supervision for, a qualifying offense or attempt of a qualifying offense * * * shall, regardless of the sentence or disposition imposed, be required to submit specimens of blood to the Illinois Department of State Police in accordance with the provisions of this Section, provided such person is:
* * *
(1.5) found guilty or given supervision under the Juvenile Court Act of 1987 for a qualifying offense or attempt of a qualifying offense on or after the effective date of this amendatory Act of 1996[.]" 730 ILCS 5/5-4-3(a) (West 2000).
Qualifying offenses under the statute include aggravated criminal sexual assault and criminal sexual abuse. See 730 ILCS 5/5-4-3(g)(1) (West 2000). All blood samples collected pursuant to this section must be forwarded to the Division of Forensic Services of the Illinois Department of State Police for analysis and categorizing into DNA profiles and placed into a database. 730 ILCS 5/5-4-3(d), (f) (West 2000). The DNA profiles of all individuals who are required to submit blood samples pursuant to this statute are confidential and are maintained by the Division of Forensic Services. 730 ILCS 5/5-4-3(e), (f) (West 2000). The information may be released only to peace officers of the United States and of other states and territories. 730 ILCS 5/5-4-3(f) (West 2000). This database may be uploaded into a national database and may not be subject to expungement. 730 ILCS 5/5-4-3(f) (West 2000).
Both the United States and Illinois Constitutions protect citizens from unreasonable searches and seizures. U.S. Const., amend. IV; Ill. Const.1970, art. I, § 6; People v. Fulton, 289 Ill.App.3d 970, 973, 225 Ill.Dec. 210, 683 N.E.2d 154 (1997). The primary purpose of these provisions is "to protect the legitimate expectations of privacy that citizens possess in their persons, their homes, and their belongings," *565 while according "`fair leeway for enforcing the law in the community's protection.'" People v. James, 163 Ill.2d 302, 311, 206 Ill.Dec. 190, 645 N.E.2d 195 (1994), quoting Dunaway v. New York, 442 U.S. 200, 208, 99 S.Ct. 2248, 2254, 60 L.Ed.2d 824, 833 (1979). Our supreme court has construed the search and seizure language found in article I, section 6, of the Illinois Constitution in a manner that is consistent with the United States Supreme Court's fourth amendment jurisprudence. See Fink v. Ryan, 174 Ill.2d 302, 314, 220 Ill.Dec. 369, 673 N.E.2d 281 (1996). Whether section 5-4-3(a) of the Code violates the fourth amendment is a question of law that we review de novo. People v. Malchow, 193 Ill.2d 413, 418, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000).
This court has previously upheld section 5-4-3(a) of the Code against a fourth amendment challenge in People v. Wealer, 264 Ill.App.3d 6, 201 Ill.Dec. 697, 636 N.E.2d 1129 (1994). In Wealer, this court explained that, under certain circumstances, the fourth amendment requirement of probable cause is relaxed when the nature of the intrusion occasioned by a particular search or seizure is minimal and the government's interest in performing the search or seizure is significant. Wealer, 264 Ill.App.3d at 14, 201 Ill.Dec. 697, 636 N.E.2d 1129, citing Michigan Department of State Police v. Sitz, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). In determining whether the suspicionless search and seizure required by section 5-4-3(a) ran afoul of the fourth amendment, we balanced the State's interest in obtaining DNA profiles, the degree to which the DNA profiles actually advanced that interest, and the gravity of intrusion upon personal privacy. Wealer, 264 Ill.App.3d at 14, 201 Ill.Dec. 697, 636 N.E.2d 1129, citing Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). Applying this balancing test, we commented:
"It is beyond dispute that the State has a legitimate interest in deterring and prosecuting recidivist acts committed by sex offenders. Its interest is especially compelling when we consider that sex offenders frequently target children as their victims. Additionally, the State has an interest in establishing the identity of convicted sex offenders where traditional methods of identification might prove otherwise inadequate or inconclusive. Moreover, in addition to solving future crimes, the use of DNA evidence can be used to aid identification of repeat offenders who attempt to otherwise conceal or alter their identity. [Citation.]
The statutorily mandated DNA testing scheme is closely related to the State's interest in deterring and prosecuting recidivist acts committed by sex offenders because it provides an improved technological method for identifying and eliminating potential subjects." Wealer, 264 Ill.App.3d at 16-17, 201 Ill.Dec. 697, 636 N.E.2d 1129.
We also found that the physical intrusion imposed by the testing mandated by section 5-4-3(a) was relatively slight and posed no threat to the health or safety of the individual tested. Wealer, 264 Ill. App.3d at 16, 201 Ill.Dec. 697, 636 N.E.2d 1129. Finally, we explained that a convicted sex offender has only a minimal privacy interest in his or her identity and that such an identification becomes a matter of legitimate state interest to solve other past and future crimes. Wealer, 264 Ill.App.3d at 17, 201 Ill.Dec. 697, 636 N.E.2d 1129. Finding that the blood sampling required by section 5-4-3(a) was functionally equivalent to fingerprinting, we held that DNA profiling of convicted sex offenders did not violate the fourth amendment prohibition against unreasonable searches and seizures. *566 Wealer, 264 Ill.App.3d at 17-18, 201 Ill.Dec. 697, 636 N.E.2d 1129.
Courts in other jurisdictions have uniformly upheld the constitutionality of similar statutes requiring blood samples to be taken from sex offenders for DNA profiling. See Roe v. Marcotte, 193 F.3d 72 (2d Cir.1999); Rise v. Oregon, 59 F.3d 1556 (9th Cir.1995); Jones v. Murray, 962 F.2d 302 (4th Cir.1992); Patterson v. State, 742 N.E.2d 4 (Ind.App.2000); Gaines v. State, 116 Nev. 359, 998 P.2d 166 (2000); Landry v. Attorney General, 429 Mass. 336, 709 N.E.2d 1085 (1999); Cooper v. Gammon, 943 S.W.2d 699 (Mo.App.1997). Indeed, respondent fails to cite a single case supporting his assertions that statutes mandating blood samples from sex offenders violate the fourth amendment.
Although respondent acknowledges this weight of authority, he asserts that these cases are distinguishable because he is a minor and was only adjudicated delinquent under the Juvenile Court Act as opposed to being tried and convicted as an adult. Respondent asserts that his privacy interests were heightened due to his status as a juvenile offender. Respondent notes that the Juvenile Court Act limits access to juvenile court and law enforcement records. 705 ILCS 405/5-901(1)(a), 5-905 (West 2000). The Juvenile Court Act also provides for the expungement or sealing of juvenile records at age 17 or upon the termination of all juvenile court proceedings, whichever event occurs later. 705 ILCS 405/5-915 (West 2000). Respondent argues that the placement of his blood profile identification in the DNA database created by section 5-4-3(a) will deprive him of the privacy protections afforded under the Juvenile Court Act.
We agree with respondent that one of the goals of the Juvenile Court Act is to protect the privacy of juveniles; however, respondent's status as a minor does not provide him with a greater constitutional right to privacy than offenders who have already attained the age of majority. The juvenile court system is a purely statutory creation and the legislature has the authority to define its limits. See People v. P.H., 145 Ill.2d 209, 223, 164 Ill.Dec. 137, 582 N.E.2d 700 (1991) (noting that a minor has no constitutional right to adjudication under the Juvenile Court Act). As such, any privacy rights accorded by the Juvenile Court Act are not of a constitutional dimension. Therefore, for purposes of fourth amendment analysis, a juvenile offender has no greater privacy interest in his or her identity than an adult offender. See L.S. v. State, 805 So.2d 1004 (Fla.App. 2001) (holding that statute requiring juvenile offender to undergo DNA blood test was not an illegal search or seizure); State ex rel. Juvenile Department v. Orozco, 129 Or.App. 148, 878 P.2d 432 (1994) (same).
We therefore conclude that our decision in Wealer comports with decisions from other jurisdictions and controls the resolution of respondent's search and seizure argument. Any slight intrusion upon respondent's privacy in providing a blood sample is significantly outweighed by the State's compelling interest in solving other past and future crimes. See Wealer, 264 Ill.App.3d at 17-18, 201 Ill.Dec. 697, 636 N.E.2d 1129. As such, we hold that the warrantless and suspicionless blood sampling mandated by section 5-4-3(a) of the Code does not violate the fourth amendment guarantee against unreasonable searches and seizures.
The respondent's second contention on appeal is that section 5-4-3(a) of the Code is invalid because it is irreconcilably inconsistent with the purpose and policy of the Juvenile Court Act. Respondent argues that the purpose of the Juvenile Court Act is to rehabilitate juveniles and provide juveniles with a second chance. *567 Relying on this court's decision in In re Nicholas K., 326 Ill.App.3d 497, 260 Ill. Dec. 508, 761 N.E.2d 352 (2001), respondent argues that section 5-4-3(a) conflicts with the purpose of the Juvenile Court Act because the end result is a punitive measure that creates a permanent, lifelong record of his juvenile offense.
In Nicholas K., this court considered whether the provisions of the Sex Offender Registration Act (730 ILCS 150/1 et seq. (West 2000)) applied to juveniles. Nicholas K., 326 Ill.App.3d at 498, 260 Ill.Dec. 508, 761 N.E.2d 352. We noted that, although the Sex Offender Registration Act defined the phrase "juvenile sex offender," the statute did not explicitly require juvenile sex offenders to register. Nicholas K., 326 Ill.App.3d at 500, 260 Ill.Dec. 508, 761 N.E.2d 352. To resolve this ambiguity, we looked to the Juvenile Court Act and noted that its overriding purpose was to promote the minor's best interests and "to correct, not to punish." Nicholas K., 326 Ill.App.3d at 500-01, 260 Ill.Dec. 508, 761 N.E.2d 352. Toward that end, we noted that the Juvenile Court Act's provisions strived to preserve the confidentiality of minors involved in juvenile court proceedings. Nicholas K., 326 Ill.App.3d at 501, 260 Ill.Dec. 508, 761 N.E.2d 352. We held that the registration statute did not apply to juveniles, commenting that it made little sense to "go to such lengths to prohibit the release of information about minors involved in juvenile court proceedings, yet require a minor adjudicated delinquent for committing a sex crime to register as a sex offender." Nicholas K., 326 Ill.App.3d at 501, 260 Ill.Dec. 508, 761 N.E.2d 352.
Unlike the statute at issue in Nicholas K., section 5-4-3(a) of the Code is not ambiguous in its application to juveniles. As detailed above, the statute plainly requires that any person found guilty under the Juvenile Court Act for committing a qualifying offense shall "be required to submit specimens of blood to the Illinois Department of State Police." 730 ILCS 5/5-4-3(a) (West 2000). In his appellate brief, respondent acknowledges that the statute clearly requires all minors adjudicated delinquent of certain qualifying offenses to provide blood samples for DNA profiling. As the language of section 5-4-3(a) plainly indicates the legislature's intent, we need not consider the primary purpose of the Juvenile Court Act or resort to other tools of statutory construction to construe the statute's meaning. See Mauro v. County of Winnebago, 282 Ill. App.3d 156, 159, 218 Ill.Dec. 135, 668 N.E.2d 619 (1996).
Lacking a statutory ambiguity, respondent is left to argue that section 5-4-3(a) cannot be enforced because it is inconsistent with the philosophy and the purpose of the Juvenile Court Act. However, this is not a sufficient legal basis to overturn a statute. All statutes are presumed valid. Gem Electronics of Monmouth, Inc. v. Department of Revenue, 183 Ill.2d 470, 480, 234 Ill.Dec. 189, 702 N.E.2d 529 (1998). Simply because section 5-4-3(a) conflicts with the philosophy or purpose of another statute does not necessarily render it invalid. Aside from his fourth amendment argument, respondent fails to raise any other constitutional or legal basis that would support his assertions that the statute is invalid. Although respondent argued at trial that the statute constituted cruel and unusual punishment, violated the separation of powers, and improperly required trial courts to exercise their contempt powers, he does not raise these issues for our consideration on appeal and we do not consider them here. See People v. Lantz, 186 Ill.2d 243, 261, 238 Ill.Dec. 592, 712 N.E.2d 314 (1999) (points not argued are waived).
*568 Although we agree with some of respondent's observations of the apparent conflict between the spirit and purpose of section 5-4-3(a) of the Code and the Juvenile Court Act, the enactments are nonetheless operationally consistent. The requirements of section 5-4-3(a) do not prevent a trial court from conducting juvenile proceedings as required by the provisions of the Juvenile Court Act. More specifically, the blood draw requirement does not prevent the trial court from effectuating the confidentiality and dispositional provisions of the Juvenile Court Act. For example, the trial court may still limit the general public's access to the proceedings (705 ILCS 405/1-5(6) (West 2000)), prevent any party present in court from disclosing the juvenile's name (705 ILCS 405/1-5(6) (West 2000)), and restrict the disclosure of the juvenile's court and law enforcement records (705 ILCS 405/1-7 (West 2000)). Additionally, although section 5-4-3(a) mandates the trial court to require a juvenile found guilty of committing a qualifying offense to submit a blood sample, it does not preclude the trial court from exercising its discretion under the Juvenile Court Act to fashion an appropriate disposition for each individual case (705 ILCS 405/5-710 (West 2000)). Finally, we note that the permanent record created by section 5-4-3(a) of the Code is of respondent's DNA profile, not specific information about his juvenile offense. See 730 ILCS 5/5-4-3(f) (West 2000). The provisions of section 5-4-3(f) require that this information be kept confidential and be made available only to peace officers. 730 ILCS 5/5-4-3(f) (West 2000).
As already noted, the juvenile court systems are creations of the legislature, and the legislature has the authority to establish the procedures governing such systems. See P.H., 145 Ill.2d at 233, 164 Ill.Dec. 137, 582 N.E.2d 700. Lacking evidence of a constitutional violation or that the two enactments are operationally inconsistent, we are without legal basis to invalidate section 5-4-3(a) of the Code.
For the foregoing reasons, we affirm the judgment of the circuit court of Lake County requiring respondent to submit a blood sample for DNA profiling.
Affirmed.
BOWMAN and GILLERAN JOHNSON, JJ., concur.