FIFTH DIVISION
October 13, 2006

No. 1-05-2705

| | | |
|---|---|---|
| *In re* CLIFTON R., a Minor | ) | Appeal from the |
| (The People of the State of Illinois, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable |
| CLIFTON R., | ) | Noreen Daly, |
| | ) | Judge Presiding. |
| Respondent-Appellant). | ) | |
| | ) | |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a hearing, respondent Clifton R. was adjudicated delinquent based upon a finding that he had committed the offense of possession of a controlled substance. Respondent was adjudged a ward of the court and sentenced to one year of juvenile probation. He was also ordered to submit buccal swab saliva specimens for genetic analysis pursuant to section 5-4-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-3 (West 2004)). On appeal, respondent solely contends that because he is a juvenile, the compulsory extraction of his saliva and perpetual storing of his DNA profile pursuant to section 5-4-3 violates his constitutional right to be free from unreasonable searches and seizures. We affirm.

Because respondent does not contest the sufficiency of the evidence to sustain the delinquency finding, a detailed discussion of the facts of this case is unnecessary. The record reflects that on February 12, 2005, two Chicago police officers observed respondent

standing with a group of people, and as the officers approached, respondent made eye contact with them, dropped an object to the ground and fled. Police quickly detained respondent and recovered the dropped object, which they found to be a plastic bag containing 18 smaller plastic bags of suspected crack cocaine. A forensic chemist subsequently tested one of the 18 bags and found that it was positive for 0.1 gram of cocaine. The court found respondent delinquent on the charge of possession of a controlled substance, sentenced him to one year of juvenile probation, and ordered him to submit buccal swab saliva specimens for DNA analysis pursuant to section 5-4-3 of the Code.

On appeal, respondent solely contends that because he is a juvenile, the compulsory extraction of his saliva and perpetual storing of his DNA profile pursuant to section 5-4-3 of the Code violates his constitutional right to be free from unreasonable searches and seizures. Respondent acknowledges that the statute specifically includes juveniles, but argues that it is unconstitutional. Respondent further acknowledges that our supreme court recently found the statute constitutional in People v. Garvin, 219 Ill. 2d 104 (2006), but argues that this case is factually distinguishable because Garvin addressed convicted felons, not juveniles. He also claims that Garvin was wrongly decided. Respondent further contends that juveniles have greater privacy rights than convicted felons, and that the State's interest is not as compelling in juvenile cases because adolescents are more susceptible to rehabilitation and less likely to commit future crimes than adult felons. Finally, respondent acknowledges that section 5-4-3 of the Code was found constitutional as applied to juveniles in In re Robert K., 336 Ill. App. 3d 867 (2003),

but argues that this case is distinguishable because the offense here was not a sex offense.

The State responds that the plain language of the statute clearly includes juveniles. It further argues that respondent's privacy concerns are not increased as the statute limits access to the DNA database to peace officers, and notes that DNA records are also subject to expungement. The State also asserts that respondent's argument that he is a nonsexual offender was summarily rejected by the supreme court in Garvin.

We review the constitutionality of a statute *de novo.* Garvin, 219 Ill. 2d at 116. It is generally presumed that a statute is constitutional, and it is respondent's burden to show that it violates the constitution as applied to him. Garvin, 219 Ill. 2d at 116-17.

The Illinois Supreme Court recently upheld the constitutionality of section 5-4-3 of the Code as applied to convicted felons and found that the statute was facially constitutional. Garvin, 219 Ill. 2d at 125. Defendant acknowledges that holding, but argues that the case was wrongly decided and urges this court not to follow it. We cannot do so as this court is bound to follow decisions of the Illinois Supreme Court. People v. Moore, 301 Ill. App. 3d 728, 732 (1998).

Moreover, section 5-4-3 of the Code has been found constitutional as applied to juveniles. In re Robert K., 336 Ill. App. 3d at 873-75. In Robert K., the court rejected the same argument respondent presents here, *i.e.*, that the statute is unconstitutional because juveniles have greater privacy rights than convicted felons. The court specifically stated "respondent's status as a minor does not provide him with a greater constitutional right to privacy than offenders who have already attained the age of majority." In re Robert K., 336

Ill. App. 3d at 872. The court noted that the juvenile court system is a purely statutory creation and the legislature may define the limits of the system. In re Robert K., 336 Ill. App. 3d at 872.

Finally, respondent acknowledges that section 5-4-3 of the Code was found constitutional as applied to juveniles in In re Robert K., but argues that this case is distinguishable because the offense here was not a sex offense. This argument was rejected by the supreme court in Garvin. Therein, the court ruled that the defendant's "status as a nonsexual offender does not so attenuate the vital linkage between his reduced privacy interests and the State's strong interest in deterring and solving crime." Garvin, 219 Ill. 2d at 124-25. Consistent with this holding, we similarly reject respondent's argument in this case. Accordingly, we find that respondent has failed to establish that section 5-4-3 of the Code violates the constitution as applied to him.

For these reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

TULLY and GALLAGHER, JJ., concur.