THIRD DIVISION
December 26, 2007

No. 1-06-1603

| | | |
|---|---|---|
| *In re* ROGELIO S., a Minor, | ) | Appeal from |
| | ) | the Circuit Court |
| (The People of the State of Illinois, | ) | of Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rogelio S., | ) | Honorable |
| | ) | Stuart F. Lubin, |
| Respondent-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Respondent, Rogelio S. (R.S.), a 12-year-old boy, was adjudicated delinquent based upon a finding that he had committed the offense of aggravated criminal sexual abuse (720 ILCS 5/12-16 (c)(2)(ii) (West 2006)). R.S. was sentenced to a term of five years' probation and, based on a finding of wardship, committed to the Department of Children and Family Services (DCFS) to be placed in a residential treatment facility for juvenile sex offenders. R.S. was admonished that he would need to register as a sex offender under the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 *et seq.* (West 2006)). R.S. was also ordered to submit buccal swab saliva specimens for genetic analysis pursuant to section 5-4-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-3 (West 2006)).

1-06-1603

In his brief on appeal, R.S. argued that: (1) requiring him to register as a sex offender under the Registration Act, as amended by Public Act 94-166 (effective January 1, 2006), and the Sex Offender Community Notification Law (Notification Law) (730 ILCS 152/121 (West 2006)) as amended by Public Act 94-168 (effective January 1, 2006), was unconstitutional where these amendments required R.S. to register as an adult sex offender upon attaining 17 years of age; and (2) because he is a juvenile, the compulsory extraction of his saliva and storage of his DNA under section 5-4-3 of the Code violated his federal and state constitutional rights.

On October 18, 2007, R.S. filed a motion to cite additional authority before this court. In his motion, R.S. sought leave to cite Public Act 95-658 (eff. October 11, 2007) which eliminated the provision requiring R.S. to register as an adult sex offender upon turning 17 years of age. Public Act 95-658, based on Senate Bill 121 ( 95th Ill. Gen. Assem., Senate Bill 121, 2007 Sess.) also included a new provision, section 3-5 (730 ILCS 150/3-5), which allows a juvenile the opportunity to petition for termination of his registration as a sex offender after five years of registration. Subsection 3-5(h)(Public Act 95-658 (eff. October 11, 2007) (adding 730 ILCS 150/3-5(h)) specifically provides: "This Section applies retroactively to cases in which adjudicated juvenile delinquents who registered or were required to register before the effective date of this amendatory Act of the 95th General Assembly."

On October 25, 2007, R.S. filed an emergency motion to advise this court that the parties agreed that Senate Bill 121 rendered the constitutional challenges related to the Registration Act and the Notification Law, raised in R.S.'s first argument, moot. In that motion, R.S. indicated that the parties agreed that Senate Bill 121 eliminated the provision requiring R.S. to register as

1-06-1603

an adult sex offender upon turning 17 years of age and, therefore, R.S. will no longer be subjected to the adult sex offender registry.

Since the parties agree that the legislature intended the statutory amendments in Senate Bill 121 to apply retroactively (see People v. Johnson, 225 Ill. 2d 573, 579-80 (2007) (a statutory amendment cannot be given retroactive effect absent a clear expression of legislative intent)), we find that the question of whether the 2006 amendments to the Registration Act and the Notification Law is moot. See In re J.T., 221 Ill. 2d 338, 349-50 (2006) (an appeal is moot where no actual controversy is presented or the issues that were before the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant effectual relief).

R.S.'s second contention on appeal is that, because he is a juvenile, the compulsory extraction of his saliva and perpetual storing of his DNA profile pursuant to section 5-4-3 of the Code violates his constitutional right to be free from unreasonable searches and seizures. R.S. acknowledges that the statute specifically includes juveniles, but argues that it is unconstitutional. R.S. also acknowledges that our supreme court recently found the statute constitutional in People v. Garvin, 219 Ill. 2d 104 (2006), but argues that this case is factually distinguishable because Garvin held that the statute was constitutional as applied to convicted felons, not as applied to juvenile adjudications, which our supreme court held cannot be equated with felony convictions (See People v. Taylor, 221 Ill. 2d 157 (2006)). R.S. argues that juveniles have greater privacy rights than convicted felons and that the State's interest is not as compelling in juvenile cases because adolescents are more amenable to rehabilitation and less likely to commit future crimes

1-06-1603

than adult felons.

However, section 5-4-3 of the Code was found constitutional as applied to juveniles in In re Robert K., 336 Ill. App. 3d 867 (2003), and In re Clifton R., 368 Ill. App. 3d 438 (2006). In In re Clifton R., this court noted that we are bound to follow our supreme court's decision in Garvin and held that the statute did not violate the juvenile's right to be free from unreasonable searches and seizures, despite the juvenile's arguments that he had a greater constitutional right to privacy than adult offenders and that the charged offense was not of a sexual nature. In re Clifton R., 368 Ill. App. 3d at 440-41. Consistent with this previous holding, we reject R.S.'s arguments in this case. Accordingly, we find that R.S. has failed to establish that section 5-4-3 of the Code violates the constitution as applied to him.

For these reasons, we affirm the judgment of the circuit court of Cook County requiring R.S. to submit buccal swab saliva specimens for DNA profiling.

Affirmed.

GREIMAN and CUNNINGHAM, JJ., concur.