998

*In re* M.D., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.D., a Minor, Respondent-Appellant).

Fourth District   No. 4—91—0159

Opinion filed October 21, 1991.

GREEN, J., specially concurring.
McCULLOUGH, J., dissenting.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In *In re V.L.F.* (1988), 174 Ill. App. 3d 930, 937-38, 529 N.E.2d 312, 316-17, this court held that a period of detention, preceded by a remission hearing, could be imposed as a condition of probation in a juvenile delinquency case. This appeal presents the question of whether a court may impose *multiple* periods of detention, preceded by remission hearings, as a condition of probation in a juvenile delinquency case. We answer that question yes.

The procedural history of this case is as follows. On April 3, 1990, the State filed a two-count delinquency petition alleging that M.D., the 13-year-old respondent minor, committed the offenses of burglary and criminal damage to property. On May 29, 1990, while proceedings on this initial petition were pending, the State filed a supplemental juvenile delinquency petition charging unlawful use of weapons. After a detention hearing, the court ordered respondent detained and allotted the case for an adjudicatory hearing on June 4, 1990.

On June 4, 1990, respondent admitted and stipulated to the original charge of criminal damage to property, and the two other pending charges were dismissed. The court ordered respondent released from the Champaign County youth detention center and allotted a dispositional hearing for July 10, 1990. The dispositional hearing scheduled for that day was vacated and reallotted because of the recommendation of the Champaign County court services department that the Illinois Department of Children and Family Services (DCFS) be requested by the court to prepare a home and background investigation regarding respondent and his family.

On August 15, 1990, the court held the dispositional hearing, formally adjudicated respondent a ward of the court, and placed him on probation subject to certain conditions. One of those conditions was the requirement that respondent serve 22 days in the Champaign County youth detention center, beginning with a three-day increment commencing at 4:15 p.m. on September 7, 1990 (Friday), and ending

on 4:15 p.m. on September 9, 1990 (Sunday). The court further directed that it would conduct a remission hearing regarding that three-day period at 4:15 p.m. on September 7, 1990.

At the dispositional hearing, the probation officer for the intensive juvenile probation program recommended that the respondent minor, as a special probationary condition, "serve delayed periods of detention, as the court would direct." The DCFS home and background report quoted respondent as saying he did not want any return visits to the Champaign County youth detention center. With this information (and a good deal more) before it, the trial court at the dispositional hearing explained the reason for its imposition of the 22-day period of detention (broken into three-day increments) as follows:

"I think that it is *** in your best interests that [I impose different increments of detention] or else I'd be sentencing you to 22 days right now straight time in the detention center, but I don't think that's good for you. I think that it is better for you to be able to work that off and not have to do any of those days in the detention center, and I'm going to give you that opportunity to do that and show me that you can follow the law and show me that you can follow my orders and never have to go to the detention center.

So, as opposed to what's being requested, because in lieu of sending you to the Department of Corrections, I am going to order a period of detention that is delayed. I'm going to order it a few days at a time to give you the chance never to have to step foot in the detention center again as opposed to having to go for 22 days.

* * *

And, finally, the Respondent Minor is ordered to serve a period of 22 days in the Champaign County Youth Detention Center, the first three days of which will be served beginning September 7, 1990, at 4:15 p.m., for the Respondent Minor to be released September 9, 1990, at 4:15 p.m. Remission hearing is set for September 7, 1990, 4:15 p.m. in Courtroom J.

* * *

Finally, as I told you, the first three days of detention will begin Friday afternoon, September 7th. It's up to you as to whether you go there on that day or not. I am giving you the keys to the detention center. If, in the next few weeks, you abide by all the terms of your probation, if you start school, if you don't have any problems in school, then when you come here on September 7th, I will say, 'You do not have to go to the

detention center for those three days. Those three days are gone. You will not have to serve them.' However, if you cannot abide by the things you are supposed to do, then you will go for those three days. ***

* * *

When you are back here on September 7th, I will be setting another few days of detention for you of the 22 that you have to serve."

On September 7, 1990, the court conducted a hearing and remitted the three-day period of detention set to begin that day. The court also entered a new written detention order for a three-day period of detention, beginning October 9, 1990, at 10:30 a.m., with a remission hearing scheduled for that same date and time.

On October 9, 1990, the court again remitted the detention order and entered a new written order for detention, beginning on November 16, 1990, at 3:30 p.m., with a remission hearing again to be held on that same date and time.

The court followed the same procedure on November 16, 1990, and on January 3, 1991. On that latter date, the court entered a written detention order for three days, beginning February 26, 1991, at 9:20 a.m., with a remission hearing again to be held on that same date and time.

At the remission hearing conducted on February 26, 1991, the court received reports regarding respondent and, based thereon, declined to remit the three-day increment of detention respondent was then supposed to begin. Respondent appeals from the court's February 26, 1991, order.

■ On appeal, respondent does not argue that the trial court abused its discretion by not entering an order of remission on February 26, 1991, nor does respondent argue that a *single* order of detention, preceded by a remission hearing, would have been improper. Instead, respondent's sole argument on appeal is that the trial court may not impose multiple periods of detention because section 5—23(1)(a)(5) of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 805—23(1)(a)(5)) prohibits such an order. That section reads as follows:

"Kinds of dispositional orders. (1) The following kinds of orders of disposition may be made in respect of wards of the court: (a) A minor found to be a delinquent *** may be *** (5) placed in detention for a period not to exceed 30 days, either as the exclusive order of disposition or, where appropriate, in conjunction with any other order of disposition issued under this

paragraph ***." (Ill. Rev. Stat. 1989, ch. 37, par. 805–23(1)(a)(5).)

Respondent argues on appeal that "[n]o statutory provisions under the Juvenile Court Act provide for, or permit the Court as part of a dispositional Order, to enter multiple periods of detention, or to impose periodic detention." We are unpersuaded.

■ We hold that the phrase "detention for a period not to exceed 30 days" was meant by the legislature simply to serve as a bar to a court's ordering a juvenile delinquent to serve more than 30 days in detention. We find nothing in section 5–23 of the Act (or anywhere else in the Act) which suggests in any way that the legislature intended to bar the imposition of multiple periods of detention, preceded by remission hearings, the sum total of which do not exceed 30 days.

■ Because the primary purpose of juvenile delinquency proceedings is to correct and rehabilitate juvenile offenders (*In re Armour* (1974), 59 Ill. 2d 102, 104, 319 N.E.2d 496, 498; *In re M.D.B.* (1984), 121 Ill. App. 3d 77, 83, 458 N.E.2d 1380, 1385), the Act should be construed in a fashion that would authorize the reasonable exercise of the juvenile court's discretion to achieve those goals, such as the court's orders in the present case. A series of short, intermittent periods of detention, all subject to remission for good behavior, can be a very useful tool in obtaining compliance with the terms of probation imposed upon a juvenile delinquent. Further, a court could conclude that imposition of such intermittent periods of detention with the possibility of remission might be less disruptive of a juvenile's schooling or his other worthwhile activities. This might especially be true when, as here, a youthful delinquent has already served a period of detention and the court is hopeful that the juvenile's experience will deter him from behavior which would cause him ever to be detained again.

■ In the present case, the trial court determined that a 22-day period of detention would be appropriate but decided to break it up into a series of three-day increments. The results of that decision were orders of remission vacating the three-day increments that were to begin on September 7, October 9, and November 16, 1990, and January 3, 1991. Thus, in the very case before us, respondent, by his behavior, earned remission of 12 of the 22 days that he was ordered to serve in detention. Regrettably, the behavior of respondent that the court found worthy of earlier remission orders did not continue so as to warrant a remission order at the February 26, 1991, hearing.

It is hard for us to understand how respondent in the present case would benefit if the trial court initially could not have broken its

22-day order of detention into three-day increments as it did. Similarly, we fail to see how such a crabbed interpretation of the Act would be consistent either with its purposes or with the vast discretion the legislature has granted to juvenile courts when placing juvenile delinquents, such as this respondent, on probation. In this regard, we note that section 5—24 of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 805—24) sets forth 23 separate conditions that the trial court may impose as conditions of juvenile probation. Furthermore, and just in case the legislature might have overlooked a condition that some juvenile court in a given case might deem appropriate and desirable, the legislature also provided that (in addition to the 23 specific conditions enumerated) the court could order a juvenile delinquent to "comply with other conditions as may be ordered by the court." Ill. Rev. Stat. 1989, ch. 37, par. 805—24(2)(t).

We also note that section 5—23(1)(a)(5) of the Act, which authorizes placement of a delinquent in detention for a period not to exceed 30 days, speaks of that order as being "where appropriate, in conjunction with any other order of disposition issued under this paragraph." (Ill. Rev. Stat. 1989, ch. 37, par. 805—23(1)(a)(5).) One of the "other order[s] of disposition" authorized by that section is placing a juvenile delinquent on probation, the action taken by the court in the present case. See Ill. Rev. Stat. 1989, ch. 37, par. 805—23(1)(a)(1).

■ Before concluding, we wish to point out that we believe the better practice in cases of this kind would be for the court at the original dispositional hearing to set forth *all* of the dates and times for all of the three-day increments that a respondent is to serve in a detention facility and to provide, as was done here, that remission hearings shall take place immediately prior to the commencement of any detention. This procedure would provide a respondent with additional notice and certainty. Because such orders would still be modifiable under section 5—25(5) of the Act (Ill. Rev. Stat. 1989, ch. 37, par. 805—25(5)), we see no reason not to specify dates to begin with. See *People v. Tipton* (1981), 88 Ill. 2d 256, 261-62, 430 N.E.2d 1023, 1026.

For the reasons stated, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

JUSTICE GREEN, specially concurring:

I concur in the decision to affirm the order on appeal.

The question of whether a court may impose multiple periods of detention, preceded by remission hearings, as a condition of probation

in a juvenile case is a close one. However, for the reasons Justice Steigmann has stated, I agree such multiple periods may be imposed. I question the propriety of such an order when it does not also set forth the times when such incarceration is to be served. However, I do not consider that uncertainty is of the same quality as the uncertainty created by dispositional orders which fail to set forth the length of a probation period, thus rendering the order void. (*In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) The time for the performance of every condition of probation need not be set out in a probation order to give the court jurisdiction to enter the order.

Here, the circuit court had jurisdiction to enter the August 15, 1990, dispositional order. That order was appealable because of its finality. As no timely appeal was taken and no post-trial motion was made, the order became *res judicata* 30 days after its entry. (See *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910; *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579.) Any error in that order is not now subject to review on direct appeal. This appeal is taken from the February 26, 1991, order which was, in effect, a modification of the terms of probation. (Ill. Rev. Stat. 1989, ch. 37, par. 805—25(5).) That order did not lack specificity as it fully set forth the date the imprisonment was to be served.

JUSTICE McCULLOUGH, dissenting:

The entry of the detention order August 15, 1990, was error. The trial court at the dispositional hearing ordered the respondent to "serve a period of 22 days" in the youth detention center and set the first three days to be served and a contemporaneous remission hearing. The trial court did not order the respondent to serve the balance of the 19 days at a specific time or times. The respondent was told that when he next appeared in court, "I will be setting another few days of detention for you of the 22 that you have to serve."

Waiver could well be the appropriate disposition as to defendant's claim. He did not make timely appeal of the August 15, 1990, order. As stated in *In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913:

> "The general rule is that where no direct appeal was taken from the original order of probation and the time for appeal had expired, a court will be later precluded from collaterally reviewing the propriety of that initial order in an appeal from the revocation of that probation."

If waiver is not appropriate, the trial court's order is error. The Act does not permit the trial court to impose multiple periods of de-

tention. Additionally, the trial court's order for detention was not definite and certain.

The trial court's order is objectionable; one, it circumvents the possible revocation of probation safeguards provided to respondent per section 5—25; second, the order for detention is not definite and certain. The respondent has no idea when the detention will be required. The only direction by the trial court was the detention would be served a "few days at a time" during the 18-month period of probation.

Respondent may be "placed in detention for a *period*" (not periods) "not to exceed 30 days." Ill. Rev. Stat. 1989, ch. 37, par. 805—23(1)(a)(5).

As the *Tipton* court stated, "the imposition of delayed confinement subject to remission could degenerate into a substitute for the revocation of probation to which statutorily incorporated due process requirements now apply." *Tipton*, 88 Ill. 2d at 266, 430 N.E.2d at 1028.

The dispositional order also is not definite and certain. "A sentencing order should be so complete as to not require further action by the court or a ministerial officer to ascertain its meaning." *People v. White* (1986), 146 Ill. App. 3d 998, 1003, 497 N.E.2d 888, 892.

In *People v. Dennison* (1948), 399 Ill. 484, 487, 78 N.E.2d 232, 233, the supreme court stated:

> "It is of importance to a prisoner that the terms of his sentence should be stated with accuracy and should be so definite and certain that the time of the commencement of his imprisonment and the time of its termination can be ascertained from the words of the sentence without the necessity of construing or supplementing the same. The right to such a sentence is accorded to every prisoner."

A minor respondent under the Act is entitled to these same rights. While there is merit to the trial court's rationale, it is not provided for in the Act.

In summary, the trial court erred in ordering 22 days' detention "a few days at a time." The Code does not provide for detention "a few days at a time," it provides for a "period not to exceed 30 days." A respondent is entitled to know the time of the period of detention, when the dispositional order is entered.