*In re* J.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.G., Respondent-Appellant).

First District (4th Division)   No. 1—97—3480

Opinion filed March 19, 1998.—Rehearing denied April 1, 1998.

Rita A. Fry, Public Defender, of Chicago (Lester Finkle, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Eileen M. O'Neill, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Respondent, J.G., was found delinquent after being found guilty of aggravated battery (720 ILCS 5/12—4(a) (West 1996)) for shooting two people with a pellet gun. He was given one year's probation, 30 days in the juvenile detention center, and 20 hours of community service. He was also ordered to have no contact with the victims. Almost nine months later, the juvenile court added as a condition of probation that J.G. not enter the Village of Skokie, Illinois. On appeal, J.G. asserts that his banishment from Skokie was improper as a condition of his probation because it was not related to his criminal acts or to the victims.

At the hearing on J.G.'s motion to vacate the banishment order, probation officer Donnelly testified that he wanted J.G. to be barred from Skokie because his girlfriend lived there and her parents did not want J.G. around their daughter. Donnelly admitted that the delinquent acts for which J.G. was put on probation did not occur in Skokie and the victims had no connection to Skokie.

Following argument, the juvenile court denied the motion to vacate the order, ruling that it was in J.G.'s best interest not to be in Skokie since he had no residential or academic connection to the village.

Before addressing the merits of the case, we must decide whether this appeal is moot since J.G.'s probation terminated on December 5, 1997. A matter is moot when the issues involved in the trial court no longer exist because intervening events have rendered it impossible for the reviewing court to grant the complaining party effectual relief. *Johnson v. Edgar*, 176 Ill. 2d 499, 511, 680 N.E.2d 1372 (1997). However, there is an exception to the mootness doctrine

that allows a court to resolve an otherwise moot issue if the issue involves a substantial public interest. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 395, 634 N.E.2d 712 (1994). The criteria for applying the public interest exception are: (1) the public nature of the question; (2) the desirability of an authoritative determination for the purpose of guiding public officers; and (3) the likelihood that the question will recur. *Bonaguro*, 158 Ill. 2d at 395. Applying those criteria to this case, we find that the public interest exception to the mootness doctrine applies.

On the merits, J.G. asserts that the juvenile court erred when it barred him from Skokie because that order had no nexus to his probation, his delinquent actions, or the victims, but was designed only to prevent him from seeing his girlfriend.

In response, the State argues that the juvenile court acted within its discretion when it ordered J.G. to stay out of Skokie because the statute expressly allows that action. The State further maintains that, even if the condition were not expressly stated in the statute, the condition must only be reasonable, not reasonably related to the crime.

■ This is a case of first impression as it relates to minors. Section 5—24 of the Juvenile Court Act of 1987 sets forth 23 separate conditions that the trial court may impose as conditions of juvenile probation, including section 5—24(2)(r), which provides as follows:

"(2) The court may as a condition of probation or of conditional discharge require that the minor:

\* \* \*

(r) refrain from entering into a designated geographic area except upon terms as the court finds appropriate. The terms may include consideration of the purpose of the entry, the time of day, other persons accompanying the minor, and advance approval by a probation officer, if the minor has been placed on probation, or advance approval by the court, if the minor has been placed on conditional discharge." 705 ILCS 405/5—24(2)(r) (West 1996).

■ In addition to the above statute, it is well established that the main purpose of the Act is not to punish, but to correct and to rehabilitate. *In re B.S.*, 192 Ill. App. 3d 886, 891, 549 N.E.2d 695 (1989). Delinquency proceedings are protective rather than punitive in nature. *In re J.C.*, 260 Ill. App. 3d 872, 884, 632 N.E.2d 127 (1994). Therefore, the Act should be construed in a way that authorizes the reasonable exercise of the juvenile court's discretion to achieve those goals. *In re M.D.*, 220 Ill. App. 3d 998, 1002, 581 N.E.2d 383 (1991). Absent an abuse of discretion, the trial court's determination will not be reversed by this court. *In re S.M.*, 229 Ill. App. 3d 764, 768-69, 594 N.E.2d 410 (1992).

■ Uniting the purpose of the Juvenile Court Act with the Act's probation provisions, we conclude that the conditions of juvenile probation must be reasonably related to the juvenile's rehabilitation. That approach is narrower than the conditions of adult probation, which is codified in section 5—6—3 of the Unified Code of Corrections. 730 ILCS 5/5—6—3 (West 1996). The overall intent of section 5—6—3 is to aid the defendant in rehabilitation and to avoid future crimes. *People v. Meyer*, 176 Ill. 2d 372, 680 N.E.2d 315 (1997). Probation simultaneously serves as punishment and rehabilitation. *Meyer*, 176 Ill. 2d 372, 680 N.E.2d 315. Protection of the public from the type of conduct that led to a defendant's conviction is one of the goals of probation. *Meyer*, 176 Ill. 2d 372, 680 N.E.2d 315.

Although adult offenders and juveniles adjudicated delinquent need not be treated similarly since they are not similarly situated and the Juvenile Court Act offers unique benefits to juvenile offenders that are not available to adult offenders (*In re B.S.*, 192 Ill. App. 3d at 893), there are certain principles that relate to both adult offenders and juveniles found to be delinquent. To be reasonable, a condition of probation must not be overly broad when viewed in the light of the desired goal or the means to that end. *People v. Harris*, 238 Ill. App. 3d 575, 581, 606 N.E.2d 392 (1992). In evaluating whether a probationer's rights should be restricted, courts determine whether (1) the condition of probation reasonably relates to the intended purpose of the legislation, to foster rehabilitation; (2) the value to the public of the imposition of this condition manifestly outweighs any impairment of a probationer's constitutional rights; and (3) there are any alternative means that are less subversive to the probationer's constitutional rights that would still comport with the purposes of the legislation conferring the benefit of probation. *Harris*, 238 Ill. App. 3d at 582.

There are no cases in Illinois that involve barring a juvenile from a certain geographic area as a condition of probation. However, there are two cases that involve adult probationers being barred from certain geographical areas as a condition of probation. See *People v. Harris*, 238 Ill. App. 3d 575, 606 N.E.2d 392 (1992), *People v. Pickens*, 186 Ill. App. 3d 456, 542 N.E.2d 1253 (1989). Also helpful are *People v. Meyer*, 176 Ill. 2d 372, 680 N.E.2d 315 (1997), and *People v. Ferrell*, 277 Ill. App. 3d 74, 79, 659 N.E.2d 992 (1995).

■ Given the statutes, the cases, and the purpose of juvenile probation, we find that any condition of juvenile probation must be reasonably related to the juvenile's rehabilitation. In some cases, this may also include being reasonably related to the crime. Examples of

express conditions that are related to rehabilitation, but not to the crime, are requiring a juvenile to work or pursue a course of study or vocational training, to undergo medical or psychiatric treatment, to attend or reside in a facility established for the instruction of persons on probation, to support any dependents he or she may have, to reside with his or her parents or in a foster home, to attend school, or to attend a nonresidential program for youth. 705 ILCS 405/5—24(2) (West 1996).

Not only did the banishment condition in this case have nothing to do with J.G.'s delinquent acts or rehabilitation, the victims were not associated with Skokie. Other than the probation officer's statement that J.G's girlfriend lived in Skokie and her parents wanted to keep J.G. away from their daughter, there was no explanation for the additional condition. There was no evidence that J.G. had harmed or threatened to harm his girlfriend or her parents or had committed any delinquent acts in Skokie. Not only is this condition not reasonably related to J.G.'s rehabilitation, but there is no evidence that this condition is reasonably related to the crime. Therefore, the condition is not reasonable and was an abuse of discretion.

Based on the foregoing, we reverse the circuit court's judgment and vacate the condition of probation.

Reversed and vacated.

WOLFSON and SOUTH, JJ., concur.