No. 2--00--0968  

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

In re
 NICHOLAS K., JR., ) Appeal from the Circuit Court

                  ) of Kane County.

a Minor )

                           ) No. 98--JD--329

            )

(The People of the State of )

Illinois, Petitioner-Appellee,  ) Honorable

v. Nicholas K., Respondent-     )  Thomas E. Mueller,

Appellant).                     )  Judge, Presiding.

_____________________________________________________________________________ 

JUSTICE McLAREN delivered the opinion of the court: 

Respondent, Nicholas K., appeals the circuit court's order that required him to register as a juvenile sex offender.  He contends that the sex offender registration statute does not require juveniles to register as sex offenders.  We reverse.

On November 19, 1998, respondent stipulated to a charge that he committed criminal sexual abuse (720 ILCS 5/12--15(a)(2) (West 1998)).  Respondent was 13 years old.  The charge arose from an incident that occurred when respondent was 10, when he and another boy attempted to vaginally penetrate the other boy's seven-year-old sister.  The court released respondent to his parents' custody, placing him on reporting supervision for 24 months.  The court also ordered him to complete any recommended counseling.
  
Because court supervision is not an adjudication of delinquency, respondent would not have had to register as a sex offender even under the State's expansive reading of the statute at the time of the initial disposition.

On March 29, 1999, the State petitioned to revoke respondent's supervision because he missed several scheduled court services meetings.  Julie Schuelke, respondent's probation officer, testified that he missed or was late for appointments on January 7, January 15, February 3, February 19, February 25, March 10, and March 17.  On cross-examination, she admitted that respondent's father, N.K., Sr., had told her that respondent would only be able to attend appointments scheduled on Mondays because Monday was N.K., Sr.'s day off and he could not miss work on other days.  Respondent had no other way to get to the appointments.  Nonetheless, Schuelke's schedule was "set in stone" and "she couldn't deviate from it."  The record reflects that, despite the relative difficulty of complying with such regimented scheduling, the respondent-minor was adjudicated delinquent and placed on probation.  The State moved to compel respondent to register pursuant to the Sex Offender Registration Act (the Act) (730 ILCS 150/1 
et seq.
 (West 2000)).  The State alleged that the Act had been amended on July 1, 1999, to require juveniles to register.  Defense counsel asked the court to declare the amended act unconstitutional.  The trial court denied the motion and ordered respondent to register as a sex offender.  The court stayed its order pending appeal and respondent filed a timely notice of appeal.

Respondent contends that the trial court erred in requiring him to register as a sex offender.  He argues that, although the statute now contains a definition of "juvenile sex offender," it does not explicitly require juvenile sex offenders to register.  Applying rules of statutory construction, respondent concludes that the court erred by reading into the statute a requirement that he register.  The State responds that, by including a definition of "juvenile sex offender," the legislature was merely attempting to clarify that juvenile sex offenders are a subset of sex offenders generally and, therefore, sex offenders who are juveniles are required to register just like other sex offenders.  We agree with respondent.

In construing a statute, our primary function is to ascertain and give effect to the legislature's intent in enacting the statute.  
Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 110 (1993).  The statutory language is usually the best indication of the drafters' intent and should be given its plain, ordinary, and popularly understood meaning.  
Collins
, 155 Ill. 2d at 111.  Statutes in derogation of the common law must be strictly construed, and nothing should be read into them by implication.  
In re Illinois Bell Switching Station Litigation
, 161 Ill. 2d 233, 240 (1994).  Statutory construction issues are questions of law that we review 
de novo
.  
In re Marriage of Kates
, No. 90732, slip op. at 6 (November 21, 2001).

The court required respondent to register as a sex offender pursuant to the Act.  "Sex offender" is defined, as relevant here, as any person convicted of one of a specified group of sex offenses.  730 ILCS 150/2(A)(1) (West 2000).  A sex offender must register with the chief of police of the municipality where he or she resides or with the county sheriff if the offender lives in an unincorporated area.  730 ILCS 150/3(a) (West 2000).

Prior to 1999, the Act did not explicitly refer to "juvenile sex offenders."  Effective July 1, 1999, the legislature amended the Act to add the following definition:

"(A-5) 'Juvenile sex offender' means any person who is adjudicated a juvenile delinquent as the result of the commission of or attempt to commit a violation set forth in item (B), (C), or (C-5) of this Section or a violation of any substantially similar federal, sister state, or foreign country law.  For purposes of this Section, 'convicted' shall have the same meaning as 'adjudicated.' "  730 ILCS 150/2(A-5) (West 2000).

Section 3, governing who is required to register, was not amended.

Respondent contends that the way the Act is now structured, "sex offenders" and "juvenile sex offenders" are defined as separate classes, but only "sex offenders" are required to register.  He cites the familiar rule of statutory construction that, where the legislature uses certain words in one context and different words in another, it must intend a different meaning.  See 
In re Marriage of Walters
, 238 Ill. App. 3d 1086, 1092 (1992).  The State contends, however, that the legislature was merely attempting to clarify that "juvenile sex offenders" is a subset of "sex offenders" and that the same registration requirements apply to both.  We cannot agree.

By creating a separate category of "juvenile sex offenders," the legislature must have intended those in this category to be treated differently.  Section 3 of the Act plainly provides that only "sex offenders" are required to register.  It says nothing about "juvenile sex offenders."  If the legislature wanted to provide that juveniles who were adjudicated delinquent for having committed sex crimes had to register as sex offenders on the same basis as adults convicted of sex crimes, it could simply have amended the definition of "sex offender" to include juveniles who were adjudicated delinquent.

It is at least arguable, as the State contends, that the last sentence of section 2(A-5), stating, "For purposes of this Section, 'convicted' shall have the same meaning as 'adjudicated,' " was intended to bring juveniles within the class of sex offenders generally.  730 ILCS 150/2(A-5) (West 2000).  However, this is by no means clear.  As noted earlier, if this was the legislature's intention, it could simply have included this sentence in the definition of "sex offender" without creating a separate category of juvenile sex offenders.

Moreover, requiring a delinquent juvenile to register as a sex offender would be inconsistent with the purposes of the Juvenile Court Act of 1987 (the Juvenile Court Act) (705 ILCS 405/1--1 
et seq.
 (West 2000)).  The overriding purpose of the Juvenile Court Act is to promote the minor's best interests.  
In re W.C.
, 
167 Ill. 2d 307, 320 (1995).  Delinquency proceedings are protective and the purpose of the Juvenile Court Act is to correct, not to punish.  
W.C.
, 167 Ill. 2d at 320; 
In re J.G.
, 295 Ill. App. 3d 840, 842 (1998).  Adult offenders and juvenile delinquents are not similarly situated.  
J.G.
, 295 Ill. App. 3d at 843.  In a clear statement of its policy, section 1--2 of the Juvenile Court Act provides in part:

"This Act shall be administered in a spirit of humane concern, not only for the rights of the parties, but also for the fears and the limits of understanding of all who appear before the court."  705 ILCS 405/1--2(2) (West 2000).

One aspect of this "humane concern" is to keep confidential the identities of juveniles brought before the court.  To that end, the Juvenile Court Act contains strict guidelines to ensure the confidentiality of proceedings under it.  The general public, except for the news media and the victim, is excluded from juvenile court proceedings.  705 ILCS 405/1--5(6) (West 2000); 
In re A Minor
, 149 Ill. 2d 247, 251 (1992).  The circuit court may prevent any party present in court from disclosing the juvenile's name.  
A Minor
, 149 Ill. 2d at 252.  Minors' law enforcement records may not be released to the general public except in very narrow circumstances.  705 ILCS 405/1--7 (West 2000).  Supreme Court Rule 660 was recently amended to provide that, in all appeals filed from proceedings under the Juvenile Court Act, minors shall be identified by first name and last initial or by initials only.  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 660, eff. October 1, 2001.

In short, the legislature and the courts have taken great pains to preserve the confidentiality of minors involved in juvenile court proceedings.  The policy of the Juvenile Court Act is to serve minors' best interests, which mandates that they not be  subjected to  public scorn and ridicule.  See G. O'Reilly, 
Illinois Lifts the Veil on Juvenile Conviction Records
, 83 Ill. B.J. 402, 403 (1995).  It makes little sense to go to such lengths to prohibit the release of information about minors involved in juvenile court proceedings, yet require a minor adjudicated delinquent for committing a sex crime to register as a sex offender.  The Sex Offender and Child Murderer Community Notification Law allows information about registered sex offenders to be released essentially to anyone who asks for it.  730 ILCS 152/120(c) (West 2000).

As the State points out, recent amendments to the Juvenile Court Act do allow for wider dissemination of juvenile court records.  See 705 ILCS 405/1--8(C)(1), (C)(2) (West 2000) (permitting in certain circumstances the circuit court to allow the general public to view the name, address, and offense of a minor adjudicated delinquent).  However, the overriding policy is still one of confidentiality.  We note that respondent's records would not be subject to public inspection under these sections because respondent was not yet 13 years old when he committed the offense.  See 705 ILCS 401/1--8(C)(1)(B), (C)(2) (West 2000).  In the absence of a clearer expression of its intention, we will not assume that the legislature intended to authorize the release of information about the minor and his offense pursuant to the Act when the same information may not be released under the Juvenile Court Act
.

The judgment of the circuit court of Kane County is reversed.

Reversed.

HUTCHINSON, P.J., and GROMETER, J., concur.