*In re* BEN S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Ben S., Respondent-Appellant).

Third District   No. 3—00—0708

Opinion filed June 14, 2002.

SLATER, J., dissenting.

Jeremy B. Harris (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Dawn D. Duffy (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The State filed a juvenile petition alleging that Ben S., a minor, committed three acts of aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 1998)). He admitted to the allegations and was sentenced to five years of probation. The State sought to register Ben S. under the Sex Offender Registration Act (the Act) (730 ILCS 150/1 *et seq.* (West 2000)), but he filed a motion attacking the constitutionality of the Act. The motion was denied. He filed a motion to reconsider his sentence, again challenging the Act on constitutional grounds. That motion was also denied. He then filed this appeal claiming, as a

matter of statutory construction, that minors are not required to register under the Act. We disagree.

Before July 1, 1999, section 3 of the Act provided that "[a] sex offender *** shall *** register in person" with a prescribed law enforcement official. 730 ILCS 150/3(a) (West 1998). The term "sex offender" was defined in section 2 as, *inter alia*, "any person" who is charged with, and convicted of, a sex offense. 730 ILCS 150/2(A)(1)(a) (West 1998). Effective July 1, 1999, the legislature amended section 2 by adding the following definition:

> " 'Juvenile sex offender' means any person who is adjudicated a juvenile delinquent as the result of the commission of or attempt to commit a violation set forth in item (B), (C), or (C—5) of this Section or a violation of any substantially similar federal, sister state, or foreign country law. For purposes of this Section, 'convicted' shall have the same meaning as 'adjudicated'." 730 ILCS 150/2(A—5) (West 2000).

The amendment did not change the definition of a "sex offender" or the requirement in section 3 that such offenders register under the Act.

In his original motion challenging the constitutionality of the Act, Ben S. acknowledged that the amendment "includ[ed] the definition of juvenile sex offender as a sex offender for application of the *** Act." He nevertheless averred that during his preadmission negotiations with the State, both parties believed he was not subject to registration because his offenses preceded the amendment's effective date. He said he did not want to withdraw his admissions or have his sentence vacated; he simply wanted "to be free from the dictates of the new provisions of the *** Act as he bargained for during his plea negotiations."

■ The fundamental canon of statutory construction is to ascertain and effectuate the legislature's intent. *Nottage v. Jeka*, 172 Ill. 2d 386 (1996). The best indicator of such intent is the language the legislature used in the statute. *Nottage*, 172 Ill. 2d 386. Courts cannot use construction as a guise for supplying omissions, remedying defects, adding limitations, or otherwise departing from the plain meaning of a statute's language. *Toys "R" Us, Inc. v. Adelman*, 215 Ill. App. 3d 561 (1991). Questions of statutory construction invoke *de novo* review. *In re Application for Tax Deed*, 285 Ill. App. 3d 930 (1997).

The Appellate Court, Second District, addressed the instant issue in *In re Nicholas K.*, 326 Ill. App. 3d 497 (2001), and held that juveniles are not required to register under the Act. The court's reasoning was as follows:

> "By creating a separate category of 'juvenile sex offenders,' the

legislature must have intended those in this category to be treated differently. Section 3 of the Act plainly provides that only 'sex offenders' are required to register. It says nothing about 'juvenile sex offenders.' If the legislature wanted to provide that juveniles who were adjudicated delinquent for having committed sex crimes had to register as sex offenders on the same basis as adults convicted of sex crimes, it could simply have amended the definition of 'sex offender' to include juveniles who were adjudicated delinquent." *Nicholas K.*, 326 Ill. App. 3d at 500.

■ We disagree with the Second District's holding. Indeed, section 3 of the Act only requires "sex offenders" to register. But the applicable definition of a "sex offender" is *"any person"* who is charged with, and convicted of, a sex offense. (Emphasis added.) 730 ILCS 150/2(A)(1)(a) (West 2000). The plain meaning of that language encompasses juveniles without any need for the missing amendment noted by the Second District. In light of such plainness, we refuse to add an adult limitation under the guise of statutory construction.

Ben S. argues that when the legislature uses certain words in one context and different words in another context, it intends the words to have different meanings. See *In re Marriage of Walters*, 238 Ill. App. 3d 1086 (1992). This argument misses the point that "juvenile sex offenders" are encompassed by the definition of "sex offenders" and thus do not occupy a different context for purposes of registration under the Act. In addition to the plain language discussed above, the relevant legislative history on this point is telling.

The amendment that added "juvenile sex offender" to the Act's list of defined terms appeared before the legislature in House Bill 2721 (91st Ill. Gen. Assem., House Bill 2721, 1999 Sess.). In the House of Representatives, Representative Klingler explained that the bill "requires juveniles who are adjudicated delinquent to register." 91st Ill. Gen. Assem., House Proceedings, March 10, 1999, at 143. The bill then passed by a vote of 116 yeas to 0 noes. 91st Ill. Gen. Assem., House Proceedings, March 10, 1999, at 143. In the Senate, Senator Klemm explained that the bill added definitions of certain persons (including a "juvenile sex offender") to the Act "and impose[d] registration requirements of those persons." 91st Ill. Gen. Assem., Senate Proceedings, April 26, 1999, at 52 (statements of Senator Klemm). The bill then passed by a vote of 57 yeas to 0 noes. 91st Ill. Gen. Assem., Senate Proceedings, April 26, 1999, at 53.

Ben S. himself acknowledged the juvenile registration requirement in his original postadmission motion, where he stated that the amendment "includ[ed] the definition of juvenile sex offender as a sex offender for application of the *** Act." His position has since changed, but the legislature's intent has not. He must register as a sex offender.

The judgment of the Will County circuit court is affirmed.

Affirmed.

HOMER, J., concurs.

JUSTICE SLATER, dissenting:
I agree with the reasoning of the Second District's decision in *In re Nicholas K.*, 326 Ill. App. 3d 497 (2001). In amending the Act and creating a separate category of "juvenile sex offender," the legislature indicated its intent to treat such offenders differently. Accordingly, I would hold that the respondent is not required to register as a sex offender.