*In re* ZACHARIAH Mc., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Zachariah Mc., Respondent-Appellant).

Fourth District    No. 4—01—0816

Opinion filed December 2, 2002.

Daniel D. Yuhas and Joshua D. Carter, both of State Appellate Defender's Office, of Springfield, for appellant.

Frank Young, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In March 2001, respondent, Zachariah Mc. (born in March 1986), admitted that he committed the offense of aggravated criminal sexual abuse (720 ILCS 5/12—16(b) (West 2000)), as alleged in a delinquency petition the State had filed against him. The trial court later committed him to the Department of Corrections, Juvenile Division (DOC). The court also denied respondent's motion for exemption from the requirements of the Sex Offender Registration Act (Registration Act) (730 ILCS 150/1 through 12 (West 2000)), because he was a juvenile sex offender.

Defendant appeals, arguing only that the trial court erred when it denied his motion for exemption from the Registration Act. We affirm.

## I. BACKGROUND

Respondent's victim was a seven-year-old girl to whom he had access. The State originally charged him in a delinquency petition with (1) aggravated criminal sexual assault (720 ILCS 5/12—14(b)(i) (West 2000)) (count I), and (2) aggravated criminal sexual abuse (720 ILCS 5/12—16(b) (West 2000)) (count II). Pursuant to an agreement with the State, respondent admitted to count II, and count I was dismissed. The parties had no agreement regarding a disposition.

In May 2001, the trial court conducted a dispositional hearing and sentenced respondent to DOC. In August 2001, respondent filed a motion for exemption from the requirements of the Registration Act. The court denied that motion, and this appeal followed.

## II. ANALYSIS

Respondent argues that the trial court erred by denying his motion for exemption from the Registration Act because it does not apply to juvenile sex offenders. We disagree.

The Second District Appellate Court (*In re Nicholas K.*, 326 Ill. App. 3d 497, 761 N.E.2d 352 (2001), *appeal pending*, No. 93908) and

the Third District Appellate Court (*In re Ben S.*, 331 Ill. App. 3d 471, 771 N.E.2d 1133 (2002), *petition for leave to appeal pending*, No. 94221) both recently addressed this same issue and reached contradictory conclusions. We agree with the Third District's decision in *Ben S.*, which held that juvenile sex offenders are not exempted from the requirement to register under the Registration Act. *Ben S.*, 331 Ill. App. 3d at 472-73, 771 N.E.2d at 1134.

In *Ben S.*, the court wrote the following:

"Before July 1, 1999, section 3 of the Act provided that '[a] sex offender *** shall *** register in person' with a prescribed law enforcement official. 730 ILCS 150/3(a) (West 1998). The term 'sex offender' was defined in section 2 as, *inter alia*, 'any person' who is charged with, and convicted of, a sex offense. 730 ILCS 150/2(A)(1)(a) (West 1998). Effective July 1, 1999, the legislature amended section 2 by adding the following definition:

' "Juvenile sex offender" means any person who is adjudicated a juvenile delinquent as the result of the commission of or attempt to commit a violation set forth in item (B), (C), or (C—5) of this [s]ection or a violation of any substantially similar federal, sister state, or foreign country law. For purposes of this [s]ection "convicted" shall have the same meaning as "adjudicated." ' 730 ILCS 150/2(A—5) (West 2000).

The amendment did not change the definition of a 'sex offender' or the requirement in section 3 that such offenders register under the Act.

* * *

The Appellate Court, Second District, addressed the instant issue in [*Nicholas K.*], 326 Ill. App. 3d 497[, 761 N.E.2d 352], and held that juveniles are not required to register under the Act. The court's reasoning was as follows:

'By creating a separate category of "juvenile sex offenders," the legislature must have intended those in this category to be treated differently. Section 3 of the Act plainly proves that only "sex offenders" are required to register. It says nothing about "juvenile sex offenders." If the legislature wanted to provide that juveniles who were adjudicated delinquent for having committed sex crimes had to register as sex offenders on the same basis as adults convicted of sex crimes, it could simply have amended the definition of "sex offender" to include juveniles who were adjudicated delinquent.' *Nicholas K.*, 326 Ill. App. 3d at 500[, 761 N.E.2d at 355].

We disagree with the Second District's holding. Indeed section 3 of the Act only requires 'sex offenders' to register. But the applicable definition of a 'sex offender' is '*any person*' who is charged

with, and convicted of, a sex offense. (Emphasis added.) 730 ILCS 150/2(A)(1)(a) (West 2000). The plain meaning of that language encompasses juveniles without any need for the missing amendment noted by the Second District. In light of such plainness, we refuse to add an adult limitation under the guise of statutory construction." *Ben S.*, 331 Ill. App. 3d at 472-73, 771 N.E.2d at 1134-35.

We agree with the Third District's analysis in *Ben S.* and adopt its holding. We thus conclude that the trial court did not err by denying respondent's motion for exemption from the requirements of the Registration Act.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, P.J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I agree with Justice Slater's dissent in *Ben S.*, 331 Ill. App. 3d 471, 771 N.E.2d 1133, and with the Second District's decision in *Nicholas K.*, 326 Ill. App. 3d 497, 761 N.E. 352.