No. 16-0677- *State v. J.E.*
No. 16-0723- *State v. Z.M.*

**FILED**
**February 14, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

LOUGHRY, Chief Justice, dissenting, in part, and concurring, in part:

The clearly expressed intent of the Sex Offender Registration Act, West Virginia Code § 15-12-1 to -10 (2014) ("Act"), is "to assist law-enforcement agencies' efforts to protect the public from sex offenders by requiring sex offenders to register with the State Police detachment in the county where he or she shall reside and by making certain information about sex offenders available to the public as provided in this article." W.Va. Code § 15-12-1a(a), in part. Expounding further, the Legislature has declared that "there is a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses in order to allow members of the public to adequately protect themselves and their children from these persons." W.Va. Code § 15-12-1a(b). Rather than act in furtherance of these extremely important public interests, the majority answers the first certified question in the negative and finds the Act does not apply to juvenile sex offenders. Resultantly, the circuit court cannot require the petitioners to register as sexual offenders, which I believe it should be allowed to do. Regarding the majority's affirmative answer to the second certified question, I concur in its finding that the name and identity of a juvenile who has committed the "violent or felonious" crimes of first or second degree sexual assault may be made available to the public under the provisions of West

1

Virginia Code § 49-5-101(g) (2015 & Supp. 2016). For these reasons, I dissent, in part, and concur, in part.

In the cases at bar, the petitioners were teenagers under the age of eighteen when they committed their respective sex crimes. Their victims were two nine-year-old children and an eighteen-month-old infant. The circuit court, who was familiar with the petitioners, their offenses, and the results of their psychiatric evaluations, which revealed very serious problems, wanted to order the petitioners to register as sex offenders as a part of their final dispositions. Because the circuit court was uncertain of its authority to do so under the Act, it certified the question to this Court, asking whether the Act extended to juveniles.

In answering this certified question, the majority has chosen to allow the petitioners to evade the registration requirements of the Act because they were *adjudicated* as juvenile delinquents rather than *convicted* as adults. Critically, are the "compelling and necessary public interest" and the protections afforded to the public through the Act diminished because the petitioners committed their sex offenses as teenagers?

The Act requires "[a]ny person who has been convicted"[1] of committing or attempting to commit one of the enumerated sexual offenses to register as a sexual offender. Unlike the majority, I believe that the Legislature, by employing the words "any person," intended juvenile delinquents who have committed these sexual offenses to fall within the Act's reach. To conclude otherwise is simply nonsensical. To be clear, I recognize that "'[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)." *King v. West Virginia's Choice, Inc.*, 234 W.Va. 440, 443, 766 S.E.2d 387, 390 (2014). Moreover, """courts must presume that a legislature says in a statute what it means and means in a statute what it says there."'" *King*, 234 W.Va. at 444, 766 S.E.2d 391 (internal citations omitted).

I absolutely agree that this Court should not act as a "superlegislature," as the majority cautions. I also recognize that we should not "substitute our policy judgments for those of the Legislature whenever we deem a particular statute unwise." *Taylor-Hurley v. Mingo Cty. Bd. of Educ.,* 209 W.Va. 780, 787, 551 S.E.2d 702, 709 (2001). Importantly, however, this Court also has a duty "to avoid whenever possible a construction of a statute which leads to absurd, inconsistent, unjust or unreasonable results." *State v. Kerns*, 183 W.Va. 130, 135, 394 S.E.2d 532, 537 (1990). Indeed, the absurd results doctrine "permits

---

[1]W.Va. Code § 15-12-2(b).

a court to favor an otherwise reasonable construction of the statutory text over a more literal interpretation where the latter would produce a result demonstrably at odds with any conceivable legislative purpose." *Ringel-Williams v. West Virgina Consol. Pub. Ret. Bd.*, 237 W.Va. 669, __, 790 S.E.2d 806, 809 n.10 (2016) (citing *Taylor-Hurley*, 209 W.Va. 780, 551 S.E.2d 702).

I believe a more reasonable construction of the Act requires the registration of "any person" who has committed one or more of the enumerated sexual offenses, including persons who have been adjudicated as juvenile delinquents. Any other conclusion guts the legislatively declared purposes of the Act, including "protect[ion] [of] the public from sex offenders"[2] and the "compelling and necessary public interest"[3] that the public have information concerning sexual offenders so as to permit the public to "adequately protect themselves and their children from these persons."[4] Although I acknowledge the legal distinctions between "adjudicate" and "convict," such distinctions do not compel the decision reached by the majority, nor do I believe the Legislature could have possibly intended such an absurd result. Other courts agree.

---

[2] W.Va. Code § 15-12-1a(a).

[3] W.Va. Code § 15-12-1a(b).

[4] W.Va. Code § 15-12-1a(b).

4

In *In re Zachariah Mc.*, 780 N.E.2d 820 (Ill. App. Ct. 2002), a juvenile, who had admitted that he committed the offense of aggravated sexual abuse as alleged in a delinquency petition, sought to evade the requirements of the Illinois Sex Offender Registration Act. Because the act was amended in 1999 to define a "juvenile sexual offender," Zachariah Mc. argued that the act at the time of his offense did not apply to juvenile sex offenders. In analyzing the issue, the court quoted at length from *In re Ben S.*, 771 N.E.2d 1133 (Ill. App. Ct. 2002), as follows:

> "Before July 1, 1999, section 3 of the Act provided that '[a] sex offender * * * shall * * * register in person' with a prescribed law enforcement official. 730 ILCS 150/3(a) (West 1998). The term 'sex offender' was defined in section 2 as, *inter alia*, 'any person' who is charged with, and convicted of, a sex offense. 730 ILCS 150/2(A)(1)(a) (West 1998). Effective July 1, 1999, the legislature amended section 2 by adding the following definition:
>
>> '"Juvenile sex offender" means any person who is adjudicated a juvenile delinquent as the result of the commission of or attempt to commit a violation set forth in item (B), (C), or (C-5) of this [s]ection or a violation of any substantially similar federal, sister state, or foreign country law. For purposes of this [s]ection "convicted" shall have the same meaning as "adjudicated".' 730 ILCS 150/2(A-5) (West 2000).
>
> The amendment did not change the definition of a 'sex offender' or the requirement in section 3 that such offenders register under the Act.

*Zachariah Mc.*, 780 N.E.2d at 821; *see also In re Ben S.*, 771 N.E.2d at 1135 (observing that definition of "'sex offender' is 'any person' who is charged with, and convicted of, a sex

offense" and finding that "[t]he plain meaning of that language encompasses juveniles without any need for the missing [1999] amendment[.]"). The court agreed with the analysis in *Ben S.* and concluded that the "trial court did not err by denying [] motion for exemption from the requirements of the Registration Act." *Id.* at 822. Similarly, in the instant matters, the reference to "any person" in the registration requirements under the Act should clearly extend to juvenile sex offenders.

It is important to remember that registration under the Act is not an additional punishment. As the Legislature explained, the Act "is intended to be regulatory in nature and not penal." W.Va. Code § 15-12-1a(a); *see also Hensler v. Cross,* 210 W.Va. 530, 535, 558 S.E.2d 330, 335 (2001) (recognizing Sex Offender Registration Act as regulatory and one that does not enhance or increase punishment). However, at present, an entire group of sexual offenders–juvenile offenders–are eluding the Act's regulatory requirements, and will continue to do so under the majority's decision herein. As a direct consequence, the public policy concerns enunciated in the Act, including the protection of members of the public and their children from sexual offenders, will continue to fall short of its full potential absent legislative action. Accordingly, and in light of the majority's ruling, I strongly urge the Legislature to bring West Virginia into line with the overwhelming majority of states, which

have registration requirements for juvenile sex offenders,[5] by enacting legislation that employs indisputable language requiring the registration of juvenile sex offenders.

For these reasons, I respectfully dissent, in part, and concur, in part.

---

[5]Research reveals that some states have mandatory registration requirements for juveniles, while others give courts discretion to weigh various factors in determining whether registration will be required. Further, some states requiring juvenile registration also allow juveniles to petition for removal from the registry, such as where

> the underlying conviction involved an act of consensual sex during a so-called "Romeo and Juliet" relationship[] [and] . . .
>
> (i) [t]he victim was 13 years of age or older but less than 16 years of age at the time of the offense[] [and]
>
> (ii ) [t]he petitioner is not more than 4 years older than the victim.

*People v. Costner*, 870 N.W.2d 582, 585 (Mich. Ct. App. 2015) (citing Mich. Comp. Laws Ann. § 28.728c(14)).
.

7